United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Oscar Concepcion Vega, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21158-Civ-Scola |
| Celebrity Cruises, Inc., Royal | ) |
| Caribbean Cruises, Ltd., | ) |
| Defendants. | ) |

### Opinion Order Requiring Amended Complaint

This matter is before the Court on an independent review of the record. On March 26, 2019, the Plaintiff Oscar Concepcion Vega ("Vega") filed this action in federal court under the diversity statute, asserting one count for negligence. Vega, a dockworker, seeks to recover for injuries sustained when a dock line snapped under the tension of a cruise ship operated by Defendant Celebrity Cruises, Inc. ("Celebrity") and struck him in the upper body, knocking him unconscious, off the dock and into the water. Broadly speaking, the complaint alleges that Celebrity's negligent maintenance and operation of the ship caused Vega's injuries.

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Anderson v. Emory Transplant Clinic*, 746 F. App'x 958, 959 (11th Cir. 2019) (quoting *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005)).

Vega alleges subject-matter jurisdiction based solely on diversity jurisdiction under 28 U.S.C. § 1332, and identifies Vega as a citizen of Panama, (Compl. at ¶ 6); and Celebrity and Royal Caribbean as Liberian corporations with principal places of business in Florida, (*id.*).

But the diversity statute "does not grant jurisdiction over a suit between a corporation incorporated solely in a foreign state and another alien, regardless of the corporation's principal place of business." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018). Indeed, "alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (citing *Iraola & CIA, S.A. v. Kimberly–Clark Corp.,* 232 F.3d 854, 860 (11th Cir. 2000)). Thus, the complaint, on its face, establishes that alienage jurisdiction does not exist in this case.

Accordingly, Vega may file an amended complaint by **April 4, 2019**, provided it adequately alleges a basis for federal jurisdiction. In any amended pleading, Vega shall also set forth facts sufficient to impose liability on Royal Caribbean for the conduct of its subsidiary, as well as assert the negligent maintenance and negligent operation theories as separate causes of action. Failure to file an amended complaint by that date will result in the dismissal of this case without prejudice.

The Court also **strikes** Vega's jury demand. *See Caron*, 910 F.3d at 1366. The **Clerk** is respectfully instructed to revise the docket sheet to reflect that the jury demand was stricken.

**Done and ordered**, in chambers, at Miami, Florida on March 28, 2019.

Robert N. Scola, Jr.
United States District Judge